Elisabeth HANSEN

v.

SHEARSON/AMERICAN EXPRESS, INC., et al.

Civ. A. No. 82–4945.

United States District Court, E.D. Pennsylvania.

March 8, 1983.

William O'Brien, John Frasier Hunt, Charles J. Bloom of Hunt, Kerr, Bloom, Hitchner, O'Brien & Conrad, Philadelphia, Pa., for plaintiff.

Robert Pratter, John Soroko, Duane, Morris & Heckscher, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff filed her complaint on November 8, 1982, alleging that defendant Shearson/American Express, Inc. ("Shearson") and various stockbrokers then in Shearson's employ "churned" her account in order to generate commissions, in violation of, *inter alia,* federal and state security laws. The complaint was accompanied by plaintiff's first set of interrogatories and a request for production of documents. The answers and documents were due on December 23, 1982.

On December 22, 1982, Shearson filed objections to certain interrogatories and requests for production. It did not, however, provide the plaintiff with the discovery materials to which it did not object. On February 9, 1983, plaintiff filed this motion to compel that discovery. Shearson responded to the motion on February 23, 1983, at the same time producing a portion of the requested documents. It still has not answered any of the interrogatories.

■ Shearson admits that it owes plaintiff discovery, and promises to comply fully within thirty days. Its failure to provide discovery in a timely fashion is excused, it contends, by three unusual hardships:

(1) That there are fifty interrogatories to answer;

(2) That many of the interrogatories should have been directed not to Shearson but to one of Shearson's codefendants; and

(3) That the documents requested were not located in this district, and so had to be retrieved from Greenwich, Connecticut, or from New York City.

These reasons are insufficient to excuse Shearson's lack of timely compliance. If interrogatories were addressed to an improper party or were unduly burdensome, the appropriate objections could have been raised. They were not. If defendant Shearson needed a short extension of time in which to gather the necessary information, it could have requested it from the plaintiff. There is no evidence that such a request was made.

Shearson has had since November 8, 1982 to respond to plaintiff's interrogatories and document requests. That is time enough. Accordingly, in a separate order, I will direct that Shearson supply complete responses forthwith.

ii.

■ Plaintiff has also requested that Shearson reimburse her for the expenses she incurred in filing this motion to compel—including attorney's fees. Rule 37(a)(4), which governs the award of expenses for a motion to compel, states in pertinent part:

(4) *Award of Expenses of Motion.* If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or-attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

"The great operative principle of Rule 27(a)(4) is that the loser pays," C.A. Wright & A. Miller, *Federal Practice and Procedure,* § 2288, at 789 (1970), unless the loser can demonstrate that its position, while unsuccessful, was "substantially justified" or in some other way excusable. Because Shearson has not met its burden of showing that its tardiness was warranted, I will, in a

separate order, direct that plaintiff submit an affidavit detailing the reasonable expenses incurred in making this motion, these expenses to be borne by Shearson.

## ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion to compel is GRANTED;

2. Defendant Shearson shall serve plaintiff with its responses to plaintiff's interrogatories and document requests within seven (7) days of the date of this Order;

3. Plaintiff shall, within seven (7) days of the date of this Order, file an affidavit detailing the reasonable expenses, including attorney's fees, incurred in making this motion. Defendant Shearson shall, within seven (7) days after receiving a copy of that affidavit, pay to plaintiff the sum of the expenses there detailed, unless defendant, within that week's time, files objections to the expenses as specified in the affidavit.